OPINION
This is an appeal from the judgment of the Defiance County Common Pleas Court, which classified the Defendant-Appellant, Martin Eric Williams (Williams) a sexual predator.
In June of 1986, Williams was indicted on one count of Rape, a felony of the first degree for engaging in sexual conduct with a six-year-old child. A jury found him guilty on September 24, 1986.
In contemplation of sentencing, a social worker and a psychologist composed reports and a Presentence Investigation Report (PSI) was prepared. The various reports detailed several prior incidents involving children, including a report called into police in 1982 alleging that Williams tried to lure a seven-year-old girl into an abandoned house and requested that she return the following day. Subsequently, Williams was taken into custody after surveillance observed him near the abandoned house the next day. No charges were filed at that time. The reports also indicated that Williams entered an admission in 1985 to a delinquency charge of gross sexual imposition for "accosting a small girl" and making similar attempts with other girls. On this charge, Williams was committed to the Department of Youth Services.
The details of the present offense were also included in the PSI, including a description of the offense given by both the victim and the defendant. The statements described three incidents of sexual contact or conduct in the same day including Williams placing his hand inside the victim's pants, placing his penis between the cheeks of her buttocks and moving in a pumping motion which caused the victim pain, and placing his penis inside the victims mouth resulting in the victim performing fellatio. Additionally, the reports include allegations by Williams of being molested as a child and that he had subsequently blacked out any memory of the present offense. However, a psychologist diagnosed Williams as malingering as to his blackouts. After considering the information provided in the various reports, the trial court sentenced Williams to 8 to 25 years in prison.
After serving a fifteen-year sentence, the trial court scheduled a classification hearing to determine whether Williams would be required to register as a sex offender upon any release from prison. In contemplation of the hearing, Williams filed a motion to have an expert appointed to investigate his likelihood of recidivism. The motion was heard and denied at the classification hearing on April 17, 2001. After examining the PSI and the previous social work and psychology report, the trial court found that Williams has a likelihood of recidivism and classified him as a sexual predator.
Williams appeals this judgment asserting two assignments of error. They will be discussed together.
 The trial court erred in denying defendant's motion for the appointment of an expert witness to evaluate defendant regarding the likelihood of recidivism.
 The adjudication that defendant was a sexual predator was contrary to the manifest weight of the evidence.
To receive the classification of "Sexual Predator," the defendant must have pled guilty to or been convicted of committing a sexually oriented offense and must be "likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). In order to label an offender a "sexual predator," trial court must find these qualities present by clear and convincing evidence. State v. Dennis (Dec. 7, 2000), Logan App. No. 8-2000-02, unreported. Clear and convincing evidence "produce[s] in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." Id., quoting State v.Schiebel (1990), 55 Ohio St.3d 71, 74. Accordingly, a reviewing court should affirm the trial court's judgment if the determination is supported by legally sufficient evidence. Id.
The appointment of an expert for an indigent offender to determine his likelihood of recidivism is not mandatory at a classification hearing even many years after the offense occurs. State v. Eppinger (2001),91 Ohio St.3d 158, 162. Moreover, this court has held that whether an expert should have been appointed will be reviewed on a case-by-case basis notwithstanding the amount of time elapsed from the original conviction to the classification hearing. Dennis, supra. Since our decision in Dennis, the Ohio Supreme Court has held that the trial court's sound discretion to appoint an expert at a sexual offender classification hearing should be based upon whether such services are reasonably necessary to determine whether the offender is likely to commit a future sexually oriented offense. Eppinger,91 Ohio St.3d at 162.
When classifying a defendant, the trial court should consider the criteria listed in R.C. 2950.09(B)(2) and discuss on the record the factors upon which it relies. Id. at 166. These factors include, but are not limited to:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses including but not limited to all sexual offences;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or plead guilty to any criminal offense, * * * and if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the [these were] * * * part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2).
If there is enough independent information available to the court to consider during the classification hearing using the criteria set forth above, the appointment of an expert to determine the likelihood of recidivism may not be necessary. Eppinger, 91 Ohio St.3d at 162. Moreover,
 In some instances, offenders will have several sexually oriented convictions, or clearly fit a variety of factors listed * * *. An offender who preys on children, for example, may fit the pedophile profile, a class of offenders known for their especially high rate of recidivism. There may be sufficient evidence in the transcripts, victim impact statements, presentence investigation reports, prior history of arrests and convictions, age, etc. presented at the sexual offender classification hearing with respect to the * * * factors as they relate to the likelihood of reoffending. In those situations, appointment of an expert for an indigent offender may be unwarranted.
Id. In this case, Williams fits several criteria that demonstrate indicia of recidivism. Obviously, there is a strong indication that he is a pedophile as his victim was only six years old and was subjected to several incidents of sexual contact and conduct, albeit in a single encounter. Also, Williams alleges that he was the victim of child sexual abuse. Additional evidence of this is found in Williams' history with young girls. Information in the record indicates that William's may have tried to lure a seven-year-old girl into an abandoned home when he was fourteen years old. While this attempt to attract a young girl failed, he succeeded with a different child when he was seventeen years old. In that case, William admitted that he committed the offense of gross sexual imposition and he subsequently spent several months with the Department of Youth Services.
This court has previously held that an updated psychological evaluation to determine the likelihood of the offenders recidivism may be required when among other things, the evidence relied on by the trial court is many years old. Dennis, supra. However in this case, the trial court had enough information, particularly considering the age of the victim and Williams' conduct with other children, to determine whether Williams was likely to reoffend and to decide that it was not reasonably necessary to appoint an expert within the parameter of Eppinger, supra. As such, William's first assignment of error is overruled.
Williams further asserts that his classification as a "sexual predator" is against the manifest weight of the evidence claiming that the court incorrectly applied the statutory factors, failed to give adequate consideration to the Defendant's testimony, and that the state offered no evidence of sexually inappropriate behavior during William's incarceration. First, we note that the trial court considered the statutory factors and found on the record
 There was a six-year-old victim. There was a prior conviction for GIS [Gross Sexual Imposition] involving another little kid. There was the * * * attempt. Fortunately, law enforcement was able to intervene to prevent as to yet another child. Your own victimization, I think is a significant factor to be considered under additional behavior characteristics that contribute to your conduct or * * * the mental condition that you were possessed of at that time even at this point is something that is a factor, and I will acknowledge that that was a long time ago. But it tells me something significant, that you were diagnosed as a malingerer in those psychological evaluations * * *.
Williams testified that he has earned his G.E.D and an associates degree, has attended sex offender programs, and that he has learned to control his actions when it comes to children. However, he also admitted that he still has urges with respect to children. Furthermore, R.C.2950.09 does not require the state to introduce evidence that Williams has displayed inappropriate sexual behavior while in prison as alleged by Williams. In sum, we find that there is sufficient evidence before the trial court to meet the clear and convincing standard to classify Williams a sexual predator and the Appellant's second assignment of error is overruled.
For the foregoing reasons, the judgment of the trial court is affirmed.
Judgment Affirmed.
WALTERS, P.J. and HADLEY, J., concur.